UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER, | Case No.: 19-CV-1295 JLS (AHG) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS'** |
| v. | **MOTIONS TO DISMISS** |
| KEVIN LANE, et. al., | (ECF Nos. 10, 11) |
| Defendants. | |

Presently before the Court are two Motions to Dismiss, the first filed by Defendants Kevin J. Lane, the Honorable Timothy M. Casserly, the Honorable Peter C. Deddeh, Michael M. Roddy, the Honorable Richard D. Huffman, the Honorable Terry B. O'Rourke, the Honorable Patricia C. Benke, the Honorable Judith D. McConnell (together, the "Judicial Defendants") ("Judicial Defs.' Mot.," ECF No. 10); and the second filed by Chief Justice Tani G. Cantil-Sakauye ("Chief Justice's Mot.," ECF No. 11).  Also before the Court are Plaintiff Aaron Raiser's Oppositions to each motion ("Opp'n to Judicial Def.'s Mot.," ECF No. 18; ECF No. 20), and Defendants' Replies (ECF Nos. 13, 15).  Having carefully reviewed the Parties' arguments and the law, the Court **GRANTS** the Motions.

///

///

///

## BACKGROUND

This case arises out of Plaintiff Aaron Raiser's medical malpractice action, *Raiser v. Tri-City Medical Center, et al.*, Case No. 37-2013-00070368-CU-MM-NC, filed in September 2013 in the Superior Court of California, County of San Diego (the "State Court Action"). Compl. ¶ 43, ECF No. 1. In the State Court Action, Plaintiff alleged he was "lied to and deceived into getting" an unnecessary CT scan at Tri-City Medical Center. *Id.* at 1–2. Plaintiff alleges that CT scans cause cancer, leading to thousands of deaths each year. *Id.* ¶¶ 32–41.

While litigating the State Court Action on June 3, 2015, Plaintiff was designated a vexatious litigant under California Code of Civil Procedure section 391. *Id.* ¶ 82. Several months later, Plaintiff did not pay the required bond and Superior Court Judge Timothy M. Casserly dismissed the complaint. *Id.*

Before Judge Casserly dismissed the complaint, however, Plaintiff filed an interlocutory appeal (the "first notice of appeal") of the order designating him a vexatious litigant and challenging the constitutionality of the vexatious litigant statute. *Id.* ¶ 48. On October 15, 2015, Plaintiff filed a second notice of appeal, appealing "all orders except the order of June 3, 2015 designating Plaintiff a vexatious litigant." *Id.* ¶ 50. On October 22, 2015, Plaintiff filed a "request to appeal," requesting permission to file the second notice of appeal. *Id.* ¶ 82. Plaintiff's October 22 filing was incorrectly identified as a notice of appeal rather than a "request to appeal." *Id.*

Plaintiff alleges that the second notice of appeal, and the corresponding record on appeal, was improperly docketed due to staff misconduct. *Id.* The record on appeal for the first notice of appeal "was fully ready in March 2016." *Id.* The second notice of appeal, on the other hand, was not accepted on the docket until June 9, 2016. *Id.* The order was docketed *nunc pro tunc* to October 15, 2015, but the record on appeal was not docketed at that time. *Id.*

Briefing for the appeals at the Court of Appeals began in September 2016 and was completed in January 2017. *Id.* According to Plaintiff, this original briefing focused only

on Plaintiff's constitutional challenges to California's vexatious litigant statute, *id.*, because the record on appeal for the second notice of appeal—which Plaintiff alleges focused on the merits of his case—was not docketed. *Id.* After completing the briefing, Plaintiff filed a motion to correct the docket text relating to Plaintiff's October 15 and 22 filings. *Id.* Plaintiff alleges that, because the second notice of appeal was not timely forwarded to the Court of Appeals, the merits of his underlying case were not properly addressed. *Id.* The Court of Appeals ultimately affirmed the Judge Casserly's order declaring Plaintiff a vexatious litigation and dismissing the case. *See id.* ¶¶ 69, 85. Plaintiff then filed a request for rehearing, in which he argued that the second notice of appeal had not been properly before the Court.   *See id.* ¶ 231. Plaintiff alleges that court staff summarily denied his request without allowing any of the justices to see it. *Id.*

Plaintiff then filed a petition for review from the California Supreme Court. *Id.* ¶ 85. Plaintiff alleges that this petition would not have been denied but for staff misconduct. *Id.* ¶¶ 85–99. Plaintiff alleges that staff conspired to give incorrect summaries of his case to the justices so they would deny the petition and take no action. *Id.* ¶¶ 95–96.

After filing several other cases concerning these allegations in federal court, Plaintiff filed his present Complaint on July 12, 2019. *See generally* Compl. Shortly after, the case was transferred to the undersigned pursuant to the Southern District's low number rule.[1] ECF No. 4. Plaintiff brings thirteen causes of action: (1) denial of access to the courts under 42 USC § 1983, (2) state constitutional violations for denial of access to state courts and due process, (3) conspiracy to deny Plaintiff access to courts, (4) conspiracy to violate federal civil rights, (5) for a declaration that California Code of Civil Procedure section 391 is unconstitutional, (6) for an injunction ordering Plaintiff be removed from the vexatious litigant list, (7) for Defendants to be ordered to increase funding of the state court system, (8) for an order requiring Defendants to process Plaintiff's second notice of appeal

---

[1] This case was deemed appropriate to transfer to the undersigned because this case and the "low numbered" case—*Raiser v. Casserly, et al.*, No. 3:18-cv-1836-JLS-LL (S.D. Cal.)—"involve the same or substantially the same parties or property." ECF No. 4.

and to read Plaintiff's administrative complaints, (9) for a declaration that Plaintiff did not receive due process of law during his state court case, (10) wrongful death in the underlying medical malpractice case, (11) for an order requiring Defendants "take all steps necessary" to ensure Plaintiff receives a "fair and full appeal," (12) for an order requiring that the Honorable Dana M. Sabraw ensure that staff handling responsibilities in *Raiser v. Casserly, et al.*, No. 3:18-cv-1836-JLS-LL (S.D. Cal.) are competent, properly trained, and treat pro se litigants fairly,[2] and (13) for an order "that non-judicial staff be banned from participating in this action other than in pure clerical duties."  Compl. ¶¶ 219–305.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and as such have an obligation to dismiss claims for which they lack subject-matter jurisdiction.  *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983).  Because the issue of standing pertains to the subject-matter jurisdiction of a federal court, motions raising lack of standing are properly brought under Federal Rule of Civil Procedure 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  The plaintiff bears the burden of establishing he has standing to bring the claims asserted.  *Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996); *see also In re Dynamic Random Access Memory Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) ("The party asserting jurisdiction bears the burden of establishing subject-matter jurisdiction on a motion to dismiss for lack of subject-matter jurisdiction.").

Rule 12(b)(1) motions may challenge jurisdiction facially or factually.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*

---

[2] Because the Honorable Dana M. Sabraw is no longer presiding over *Raiser v. Casserly, et al.*, No. 3:18-cv-1836-JLS-LL (S.D. Cal.), the Court **DISMISSES AS MOOT** Plaintiff's thirteenth cause of action.

# ANALYSIS

The Judicial Defendants raise several arguments for why this Court should dismiss the claims against them, including because the entire action is barred pursuant to the *Rooker-Feldman* doctrine. *See* Judicial Def.'s Mot. at 15–16. Chief Justice Cantil-Sakauye joins the Judicial Defendants' Motion as to this argument. Chief Justice's Mot. at 3.

"Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgement of a state court." *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* precludes jurisdiction when federal court proceedings arise out of a final state court determination that is "judicial in nature" and the issues raised are "inextricably intertwined" with the state court proceedings, making the federal case a de facto appeal of a state court decision. *See Feldman*, 460 U.S. at 476, 486; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) (noting that a claim is inextricably intertwined "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.").

Defendants argue that this Court lacks subject matter jurisdiction under *Rooker-Feldman* because Plaintiff's claims have already been litigated in state court. Judicial Defs.' Mot. at 15. And to the extent Plaintiff raises new claims in this action, Defendant contends they constitute a de facto appeal of the State Court Action, and are otherwise inextricably intertwined with his appeal. *Id.* at 15–16. Plaintiff argues in response that his current claims are outside the narrow bounds of *Rooker-Feldman*. *See* Judicial Defs.' Opp'n at 35. Plaintiff also contends that the alleged "staff misconduct" creates an exception to *Rooker-Feldman*. *See id.* at 11.

The Court finds that the present case is barred under *Rooker-Feldman*. The record clearly shows that Plaintiff already litigated the issues before this Court in the State Court Action. Every level of the California judiciary considered and rejected Plaintiff's claims

that the vexatious litigant statute is unconstitutional and wrongly applied against him.  *See* Mot. Exs. D, M, O, U.[3]  And the Court of Appeals opinion affirming Judge Casserly's order dismissing Plaintiff's State Court Action provided an in-depth analysis of the underlying case, including the merits of Plaintiff's underlying medical malpractice claim.  *Raiser v. Tri-City Healthcare Dist.*, No. D068567, 2017 WL 1399731, at \*8–10 (Cal. Ct. App. Apr. 19, 2017).

While several of Plaintiff's claims seemingly do not constitute direct appeals, these too are barred because they are inextricably intertwined with the rulings in the State Court Action that Plaintiff appeals.  *See Ignacio v. Judges of U.S. Ct. of Appeals for Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006) (*Rooker-Feldman* "precludes constitutional claims that are 'inextricably intertwined' with the forbidden appeal").  All Plaintiff's claims for declaratory, mandamus, and injunctive relief ultimately relate to and implicate the decisions in the State Court Action and would require the Court decide the state courts wrongly decided the issues in the underlying State Court Action.  For example, Plaintiff's seventh cause of action calls for an order to increase funding of the state court system to give more time for judges to consider cases, including Plaintiff's.  Compl. ¶ 271.  To make the requisite findings to enter such an order, the Court would be required to find that the alleged underfunding of the judiciary deprived Plaintiff of a fair opportunity to litigate his case.[4]  *See Noel*, 341 F.3d at 1158 ("[T]he federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought.").  Accordingly, *Rooker-Feldman* bars this litigation.

---

[3] The Court can *sua sponte* take judicial notice of the docket of the State Court Action.  *See, e.g.*, *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (holding that courts may take judicial notice of dockets in related cases because materials from proceedings in other tribunals are appropriate for judicial notice).

[4] The Court must likewise abstain from hearing these claims because they seek to impose "an ongoing federal audit of state . . . proceedings," *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974), and would require "heavy federal interference in such sensitive state activities as administration of the judicial system."  *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir.1992) (citing *O'Shea*, 414 U.S. 488; *Rizzo v. Goode*, 423 U.S. 362, 379 (1976)).

19-CV-1295 JLS (AHG)

As to Plaintiff's argument that his claims fall within an exception to *Rooker-Feldman*, the Court cannot agree. *Rooker-Feldman* is inapplicable when a federal plaintiff alleges extrinsic fraud. *See Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1141 (9th Cir. 2004) ("*Rooker–Feldman* . . . does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud."); *see also Wood v. McEwan*, 644 F.2d 797, 801 (9th Cir. 1981) ("Extrinsic fraud is conduct which prevents a party from presenting his claim in court."). The extrinsic fraud exception, however, does not apply when an issue was previously raised and rejected in state proceedings. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008); *see also Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533–34 (7th Cir. 2004) (finding district court did not have jurisdiction to review a claim of fraud because the claim was already litigated in an earlier state action).

Here, Plaintiff alleges that he was "unable" to argue the merits of his case during his appeal because of the alleged staff misconduct, leading to the California and United States Supreme Courts being "unable to review the underlying state court judgement due to the Defendants' misconduct surrounding the notices of appeal." Judicial Defs.' Opp'n at 12. Plaintiff contends his alleged injuries were not caused by the state court's judgement, but rather the fraud perpetrated by court staff. *Id.* Thus, according to Plaintiff, the claims cannot be barred by *Rooker-Feldman. Id.* at 35, 44. In making this argument, Plaintiff asserts he is presenting "new facts separate and independent from anything raised in the superior court." *Id.* at 45.

All of Plaintiff's alleged harms stem from the record on appeal not being properly docketed. Despite Plaintiff's allegations, the record reflects that Plaintiff previously addressed the alleged missing record on appeal in his brief for rehearing at the Court of Appeals and petition for review to the California Supreme Court. *See* Judicial Defs.' Mot. Exs. Q, T. Regardless of why the record on appeal was not docketed, the California Court of Appeals and California Supreme Court considered whether the lack of the record on appeal was reason to overturn the lower court's decision; both courts determined it was

not. Thus, the extrinsic fraud exception does not apply because the facts pertinent to the state courts' decisions were already raised and rejected. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008) (extrinsic fraud exception does not apply when the issue was raised in the state proceedings and rejected by the state court); *see also Taylor*, 374 F.3d at 533–34 (holding district court did not have jurisdiction to review claim of fraud because the claim was already litigated in state action).

In sum, *Rooker-Feldman* applies to this case and bars Plaintiff's claims. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* applies in "cases brought by state-court losers complaining of injuries caused by state-court judgements rendered before the district court proceedings commenced and inviting district court review and rejection of those judgements."). Accordingly, the Court **GRANTS** Defendants' Motions.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motions (ECF Nos. 10, 11) and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint. All other pending motions are **DENIED AS MOOT**. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  August 25, 2020

Hon. Janis L. Sammartino
United States District Judge